Opinion delivered June 5, 1886.

[No. 3837.]

W. H. Crawford *v.* The State.

Aggravated Assault—Charge of the Court.—On a trial for aggravated assault, the trial court charged the jury as follows: "If you find from the evidence that the defendant, W. H. Crawford, did, at the time and place charged in the information, take hold of the hand, and place his arm around the shoulder of Miss Sallie Williams, in an unfamiliar and indecent manner, and calculated to injure her, you will find him guilty of an aggravated assault," etc.; which charge was promptly excepted to by the defendant. *Held*, that the charge was erroneous, because it authorized a conviction without the finding of an *intent* on the part of the defendant to commit an assault. Note the opinion for a charge suggested as a proper one on the question.

Appeal from the County Court of Parker. Tried below before the Hon. B. L. Ritchie, County Judge.

The conviction in this case was for an aggravated assault upon the person of Miss Sallie Williams, in Parker county, Texas, on the thirteenth day of June, 1885. The penalty assessed against the appellant was a fine of twenty-five dollars and confinement in the county jail for one month.

Mrs. Sallie Paige, *nee* Miss Sallie Williams, the alleged injured party, was the first witness for the State. She testified that, on the thirteenth day of June, 1885, when she was yet Miss Sallie Williams, she lived with her father and mother in Weatherford, Parker county, Texas. The defendant and his brother Wiley lived together near the house of the witness's father. On the evening of the said June 13, 1885, witness's sister Lizzie and Walter and Sam Johnson went to the house of Wiley Crawford to see Millard Crawford, a boy about eighteen years old. The children remaining a longer time than they expected to, witness went after them, and found them at Wiley Crawford's house, talking to Millard Crawford and Mrs. Wiley Crawford. Witness arrived at Wiley Crawford's about dusk, and the defendant appeared a few minutes afterwards. He asked the witness where her father was, and she replied that he had gone to Fort Worth. Lizzie and the Johnson boys then invited Millard Crawford to go home with them for the night, which invitation he declined. Witness and the children then started back to her father's house, witness leading a little child, walking a few steps in advance of Lizzie and the Johnson boys. Defendant overtook the party on the road, walked up to witness, took her hand and scratched it, and then placed his arm around the witness's shoulder. He then attempted to draw one of the witness's arms around his body, and asked permission to walk with witness. Witness jerked loose from him and asked him if he thought she was a fool. He replied that he did not, but wanted to talk with witness. He then went back towards Wiley Crawford's house. He did nothing else, nor did he say anything of an improper or insulting nature to the witness. Some one behind coughed about the time that witness jerked loose, and defendant turned back. Witness did nothing when he took her hand, except pull loose and ask him if he took her for a fool. Witness did not know what defendant meant by his conduct, but did not think he behaved in a way a gentleman should to a young lady. On her arrival at home, witness told her mother of the defendant's conduct, and her mother told her father on his return from Fort

Worth. Defendant hurt the witness's feelings by his conduct, but did not otherwise injure her.

Thomas Williams, the father of Miss Sallie, testified, for the State, that, on his return from Fort Worth, his wife told him of the defendant's conduct towards his daughter. About a month later, the county attorney sent for witness to make complaint against the defendant. Witness started to town to make complaint as soon as he was informed of the occurrence, but Jim Little told him that defendant could procure witnesses to swear to any thing for him, and witness, not wishing to be defeated in the prosecution, abandoned his intention.

Mrs. Victoria Williams testified, for the State, that her daughter, now Mrs. Paige, told her of the defendant's conduct as soon as she got home from Wiley Crawford's house, on the evening in question. Mrs. Paige's feelings were evidently much hurt. The State closed.

The narratives of Lizzie Williams, Walter and Sam Johnson, and Millard Crawford, for the defense, harmonized upon all the material facts testified to. They stated that the parties started from Wiley Crawford's house to Thomas Williams's house, about dusk, Miss Sallie Williams and a child walking about five steps in advance of Lizzie and the Johnson boys, and Millard Crawford bringing up the rear. Defendant walked a short distance with Miss Sallie, but, if he took her hand or put his arm about her shoulder, or attempted to draw her arm about his person; or if Miss Sallie jerked away from him, or asked if he took her for a fool, no one of the said witnesses saw or heard anything of it, nor did they think any thing of the kind could have occurred without their seeing and hearing it.

The motion for new trial raised the questions discussed in the opinion.

*W. R. Vivrett,* for the appellant.

*J. H. Burts,* Assistant Attorney General for the State.

Willson, Judge. That portion of the charge of the court which undertakes to apply the law directly to the facts of the case is as follows: "If you find from the evidence that the defendant, W. H. Crawford, did, at the time and place as charged in the bill of information, take hold of the hand, and place his arm around the shoulder of, Miss Sallie Williams, in an unfa-

miliar and indecent manner, and calculated to injure her, you will find him guilty of an aggravated assault," etc. The charge was promptly excepted to by the defendant.

We are of the opinion that the portion of the charge above quoted is erroneous. Defendant may have taken hold of Miss Williams's hand and placed his arm around her shoulder in a familiar and indecent manner, calculated to injure her feelings, and still not have been guilty of any offense. He may have had no intention of injuring her, and without such intent there was no assault. He may have had Miss Williams's consent to so conduct himself. If so, there was no assault. The charge should have been: "If you believe from the evidence that the defendant used unlawful violence upon the person of Sallie Williams, by taking hold of her hand, and by placing his arm around her shoulder, with intent to injure her, you will find him guilty," etc.

Other errors are assigned and argued by counsel for defendant, but none of them are, in our opinion, of a character that would require a reversal of the judgment. For the error in the charge, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*